```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BRIAN GREEN,

               Plaintiff,

vs.                                    Case No.  2:06-cv-264-FtM-29SPC

AMJAK ENTERPRISES, INC.,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #11), filed on July 10, 2006. Defendant filed a Response in Opposition (Doc. #12) on July 17, 2006.

Plaintiff, in his Complaint (Doc. #1), seeks recovery of overtime compensation and minimum wages under the Fair Labor Standards Act (FLSA), and the recovery of unpaid wages under Florida state law. Defendant filed an Answer and Affirmative Defenses (Doc. #8) on June 21, 2006. Plaintiff seeks to strike the third and fourth affirmative defenses. The Third Affirmative Defense and Fourth Affirmative Defenses are as follows:

> Plaintiff is estopped from bringing this action for the following reasons - because he was fully paid by Defendant, because he did not object or otherwise request any additional payment before bringing this suit and because of his failure to comply with all job-related requirements while he was employed by Defendant.
>
> Defendant requests that its reasonable attorney fees be paid pursuant to the statutes cited in Plaintiff's Complaint, since it will be the prevailing party herein

>     and on such other grounds as may appear through
>     additional pleadings in this action.

(Doc. #8, pp. 2-3.)

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

**Third Affirmative Defense**:

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." Heckler v. Community Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984). The parties recognize that there is a split in the circuits regarding the availability of the defense in a FLSA case. Plaintiff moves to strike the defense citing the circuits rejecting the defense. Defendant, in response, cites Brumbelow v. Quality Mills, Inc., 462 F.2d 1324 (5th Cir. 1972)[1] as binding precedent recognizing the defense.

In Brumbelow, the Court found "[o]n the *narrow facts of this case*, the court correctly granted a directed verdict on the basis

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer." Id. at 1327 (citations omitted)(emphasis added). Additionally, one Middle District of Florida district court has found that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer." McGlothan v. Walmart Stores, Inc., 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006)(citing Brumbelow at 1327).

Defendant does not allege estoppel on the basis of false or misleading actions or statements by plaintiff, but rather alleges that plaintiff is estopped because the action is moot or plaintiff failed to object or because of a failure to comply with "job-related requirements". The Eleventh Circuit has not addressed the issue, and there is at least some split among the circuits on the validity of this defense. As such, the Court finds that the issue need not be addressed on a motion to strike and the motion is due to be denied.

**Fourth Affirmative Defense:**

Although attorney's fees are statutorily authorized to a prevailing plaintiff under the FLSA, a prevailing defendant is not entitled to attorney's fees unless the litigation was in bad faith. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir.), cert. denied, 525 U.S. 962 (1998). There is no dispute as to this fact and the parties agree as to the standard of review.

"An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will

defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" <u>Saks v. Franklin Covey Co.</u>, 316 F.3d 337, 350 (2d Cir. 2003)(citations omitted). A request for attorney's fees if defendant prevails does not respond to the allegations of the complaint and does not raise any facts to vitiate plaintiff's claims. Therefore, it is not a viable defense. The motion to strike will be granted as to this affirmative defense.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #11) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the third affirmative defense and granted as to the fourth affirmative defense. The Fourth Affirmative Defense is **stricken**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u> 8th </u> day of August, 2006.

_____<br>
JOHN E. STEELE<br>
United States District Judge

Copies:
Counsel of record